THE COMMISSIONERS OF THE ALMSHOUSE OF THE CITY OF KINGSTON, RESPONDENT, v. PETER L. OSTER-HOUDT, APPELLANT.

SAME, RESPONDENTS, v. ADOLPH ISRAEL, APPELLANT.

*City of Kingston—who is to sue for violations of the excise law committed in it— chapter 150 of 1872—chapter 109 of 1878.*

The power conferred by the charter of the city of Kingston (chapter 150 of 1872) upon the Commissioners of the Almshouse, to sue in their corporate name for all violations of the excise laws committed in the said city, was not affected or taken away by the amendment to section 22 of chapter 628 of 1857, made by section 1 of chapter 109 of 1878.

*The Board of Commissioners* v. *Glennon*, 21 Hun, 245,—followed.

APPEAL from a judgment of the Ulster County Court, in favor of the plaintiff, entered on the decision of the court made on the trial of the issues without a jury.

The action was brought to recover a penalty under section 14 of chapter 628 of 1857, for a violation of the excise laws.

The charter of the city of Kingston (chapter 150 of 1872), provides, among other things, as follows :

"SEC. 60. The said Commissioners of the Almshouse may sue and be sued in their corporate name in any of the courts of this State. They shall have the sole and exclusive care and management of the poor of said city, and shall provide for and maintain the persons enumerated in the fourteenth section of the act concerning the relief and support of indigent persons in the manner hereinafter mentioned, and for that purpose they shall have and

exercise all the power and authority now vested by law in the overseers of the poor of towns, and in the superintendents of the poor of counties, not inconsistent with the provisions of this act. They shall also have and possess the powers following:

"TITLE 6. The said commissioners shall also have power, and it shall be their duty to sue in their corporate name for all violations of the excise laws committed in said city in any court having jurisdiction of such suits. All other suits and proceedings which may, by law, be prosecuted and maintained by the overseers of the poor of a town to enforce civil remedies, shall, and may, hereafter be prosecuted and maintained, and remedies enforced in the name of the commissioners of the Almshouse of the city of Kingston."

In 1878, section 22 of the act of 1857 was amended by section 1 of chapter 109 of 1878, as follows:

"SEC. 22. The penalties imposed by this act, except the penalties provided for by sections fifteen and nineteen, shall be sued for and recovered by and in the name of the overseers of the poor of the town or city in which the alleged penalty is incurred, except in such towns or cities as have no overseers of the poor, in which case said penalties shall be sued for, and recovered by and in the name of the Board of Commissioners of excise of the town or city aforesaid and paid over to the treasury of the county for the support of the poor of the town or city in which such penalty was incurred; except that in counties where there is no distinction between town and county poor, then for the poor of such county, within thirty days after receipt of the same by such commissioners, overseers or their attorneys."

The defendant claimed that the action should have been brought by the Board of Commissioners of excise of the city of Kingston, and not by the plaintiff.

*D. M. De Witt*, for the appellant Osterhoudt.

*Howard Chipp*, for the appellant Israel.

*G. R. Adams*, for the respondent.

BY THE COURT:

The main question involved in these cases is not one of prin-

ciple. It involves only the putting of some construction on the confused and careless legislation in regard to excise matters, and of determining what officers under conflicting statutes have the right of action. Since the argument a decision on a case closely analagous has been published, made by the General Term of the Second Department in *Board of Commissioners* v. *Glennon* (28 Sup'm. Ct. [21 Hun], 245). This decision sustains the position of the plaintiffs in the present cases. On a question of this kind, especially, there should be no conflict between the decisions in the several departments of this court. Whatever, therefore, our own views might be, we follow the case above cited, on the point of the authority of the plaintiffs to bring the action.

In the first case another point is made, the defendant claiming that the time of sale was covered by one or the other of his licenses. We do not think that the license granted August, 1878, authorized the sale made in the previous July. If the sale was not lawful when made, the subsequent license could not have a retroactive effect and legalize the sale. Nor do we think that the license granted August, 1877, which by its terms ended May 1, 1878, authorized the sale made in the following July. Even if, as the defendant claims, the license ought to have run for a year from date, it did not, and the defendant accepted it as it was.

The judgment must be affirmed, with costs.

Present—LEARNED, P. J., BOCKES and LANDON, JJ.

Judgment affirmed, with costs.